## APPEAL OF HOWER & SEAMAN, INC.

Docket No. 4196. Decided July 20, 1926.

The amount of salaries paid to officers which may be deducted from gross income in tax returns determined.

*R. M. O'Hara, Esq.*, for the petitioner.
*George G. Witter, Esq.*, for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

The taxpayer has petitioned for the redetermination of deficiencies in income and profits tax for the following taxable periods:

Ten-month period March 1 to December 31, 1919_____ $4, 126. 98
Calendar year 1920_____ 2, 545. 81

The only question in issue is the amount of salaries paid to the two principal stockholders which is deductible from gross income for each period.

### FINDINGS OF FACT.

The taxpayer is a Michigan corporation with its principal office at Muskegon. During the years 1918, 1919, and 1920. it was engaged in the purchase and sale at retail of ladies' ready-to-wear clothing. It operated three stores, one at Muskegon, one at Jackson, and one at Bay City, all in the State of Michigan.

In its income-tax returns for the fiscal period March 1 to December 31, 1919, and for the calendar year 1920, it claimed, as a deduction from gross income, $25,000 for salaries of its two officers. In the audit of its tax returns the Commissioner disallowed the deduction of $11,666.67 of the amount paid as salaries for the fiscal period

named, and $9,000 of the amount claimed as salaries of officers for the calendar year 1920. The taxpayer admits an error of $4,166.67 in the deduction for officers' salaries for the ten-month fiscal period of 1919.

The capital stock outstanding at March 1, 1919, was $16,000, which was evidenced by 1,600 shares of the par value of $10 each. This stock was owned as follows:

|  | Shares. |
| --- | --- |
| D'Erwin Hower | 799 |
| Harriet G. Hower, wife of D'Erwin Hower | 1 |
| Samuel L. Seaman | 800 |

In March, 1919, the authorized capital stock was increased to $60,000, $24,000 of which was immediately divided among the stockholders as follows:

|  | Shares. |
| --- | --- |
| D'Erwin Hower | 1, 198 |
| Harriet G. Hower | 2 |
| Samuel L. Seaman | 1, 200 |

In December, 1919, D'Erwin Hower and Samuel L. Seaman each subscribed for $10,000 additional capital stock. This stock was paid for in the manner indicated below.

Only small salaries were paid to the officers prior to 1918. The salaries for the fiscal year ended February 28, 1919, were D'Erwin Hower $4,800 and S. L. Seaman $4,800. On March 12, 1919, at a meeting of the board of directors of the taxpayer, the following salaries were voted " for the ensuing year "—D'Erwin Hower $12,500; Samuel L. Seaman $12,500. At a meeting of the board of directors held January 12, 1920, salaries were voted for the ensuing year as follows: D'Erwin Hower $12,500; S. L. Seaman $12,500.

The books of account of the taxpayer show that there was placed to the credit of D'Erwin Hower and Samuel L. Seaman, each, $300 per month during the last ten months of the calendar year 1919, and $400 per month during the calendar year 1920. At December 31, 1919, there was placed to the credit of each of these individuals $9,500, and at December 31, 1920, $7,700. The additional amount placed to the credit of each individual at December 31, 1919, was used principally in paying for $10,000 par value of the capital stock which had been subscribed for by each.

The sales of the taxpayer for the ten-month period ended December 31, 1919, and for the year ended December 31, 1920, were as follows:

| 1919 | $284, 697. 38 |
| --- | --- |
| 1920 | 352, 804. 78 |

The net income of the corporation, as shown by its tax returns for the ten-month period of 1919, and for the calendar year 1920, was as follows:

```
1919_____ $13,878.30
1920_____   7,704.05
```

The taxpayer operated a store at Bay City, Michigan. During a portion of the year 1919 it employed a manager for that store at an annual salary of $7,500.

The taxpayer is engaged in a highly specialized business. It sells the better class of ladies' ready-to-wear clothing, and the success of the business depends to a very large extent upon the exercise of good judgment in the purchase of goods and the rapid turnover of its merchandise.

The taxpayer kept its books of account upon the accrual basis.

### OPINION.

SMITH: The taxing statute permits a corporation to deduct from gross income all the " ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered." Section 234 (a) (1), Revenue Act of 1918.

In the instant proceeding the Commissioner contends that the amounts paid to the principal stockholders ostensibly as salaries were in excess of reasonable amounts for compensation and that they were in effect a distribution of profits. From a consideration of the entire evidence we are of the opinion that the amounts voted and paid as salaries constituted ordinary and necessary expenses of doing business and as such are deductible from gross income. It appears, however, that the resolution of the board of directors of March 12, 1919, authorized the payment of salaries to each officer of $12,500 " for the ensuing year." The taxpayer's return for the ten-month period ended December 31, 1919, shows a deduction for salaries of officers of $25,000. The taxpayer admits error in making such deduction and now claims that the amount deducted should have been $20,833.33. The excess deduction of $4,166.67 was properly disallowed by the Commissioner.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*